UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Washington, # 257151, | )  C/A No. 4:14-2787-MGL-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )REPORT AND RECOMMENDATION |
| | ) |
| Ed Clemments, III, Solicitor; | ) |
| Robert N. Wells, Asst. Sol.; | ) |
| James R. Barber, Judge, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C.

§636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to

review all pretrial matters in such pro se cases and to submit findings and recommendations to

the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district

courts should review prisoner cases to determine whether they are subject to summary

dismissal).

I.      Factual and Procedural Background

William Washington ("Plaintiff") is an inmate at McCormick Correctional Institution.

According to the South Carolina Department of Corrections ("SCDC") website, Plaintiff has

been in SCDC custody since March 1999, serving a life sentence entered in Florence County.

*See* http://public.doc.state.sc.us/scdc-public/ (last consulted Oct. 6, 2014). In this § 1983 action,[1]

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil
cause of action based on allegations of federal constitutional violations by persons acting under
color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to
deter state actors from using badge of their authority to deprive individuals of their *federally
guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88

Plaintiff alleges that Florence County Solicitor Ed Clemments, III and Florence County Assistant Solicitor Robert N. Wells, Jr. unconstitutionally relied on prior "crimes" that allegedly "occurred" before June 3, 1986 to seek a sentence of life without the possibility of parole under the South Carolina "Recidivist Act [S.C. Code Ann. § 17-25-45]." Compl. 3-4, ECF No. 1. Plaintiff also contends that Defendant Barber unconstitutionally sentenced him under the Recidivist Act, which he alleges deprived the judiciary of all judicial power, discretion to exercise its sentencing functions, and judicial discretion in sentencing, and, therefore, violated the separation-of-powers doctrine. *Id.* at 4.

In a supplemental pleading, Plaintiff further alleges that the Defendants used the Recidivist Act in a racially discriminatorily manner and, in doing so, "exceeded legislature prerogative." ECF No. 1-2 at 2. In his original Complaint, Plaintiff requests $850,000 in damages, and that a writ of habeas corpus issue "to inquire into the illegal detention with a view to an order to release petitioner because the judge ruling upon the illegal detention was adverse to the ruling to the United States Supreme Court." ECF No. 1 at 5. In his supplemental pleading, he also asks for injunctive relief in the form of an order directing Defendants to stop using the Recidivist Act in a discriminatory way. ECF No. 1-2 at 1.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*,

---

F.3d 417(6th Cir. 1996) (emphasis added). Plaintiff's claims of allegedly unconstitutional confinement fall within the coverage of § 1983.

2

490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

To the extent Plaintiff seeks damages from Defendants Clemments or Wells for alleged "illegal detention," ECF No. 1 at 5, his Complaint is barred by the well-established legal doctrine of prosecutorial immunity. In South Carolina, regional prosecutors are called solicitors and assistant solicitors. *See* S.C. Const., Art. V, § 24; S.C. Code Ann. § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the solicitor's participation in a criminal

trial (including sentencing), bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson Cnty.*, No. CIV. 93–1350–FR, 1995 WL 399619 (D. Ore. June 15, 1995) (allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity).

Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377 (4th Cir. 1996), and whether to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Also, this and other courts in this Circuit have applied prosecutorial immunity in cases involving challenges to prosecutorial decisions made in reference to sentencing issues. *See, e.g.*, *Gooding v. Gonzales*, No. 3:10-33, 2011 WL 841261 (W.D.W. Va. Mar. 7, 2011); *McKeown v. Cnty. of Greenville*, No. 1:10–1441–RBH, 2011 WL 666105 (D.S.C. Feb. 14, 2011). Plaintiff's claims concerning the way Defendants Clemments and Wells presented the trial judge with sentencing options in Plaintiff's criminal case go directly to the prosecutorial duties of Clemments and Wells regarding criminal sentencing. Such duties are purely prosecutorial functions and they are absolutely immune from Plaintiff's claims. *Springmen*; *Lyles; Gooding; McKeown*. Accordingly, Plaintiff is not entitled to recover damages from either Defendant Clemments or Defendant Wells based on their performance of these functions.

Additionally, to the extent that Plaintiff seeks damages from Judge Barber based on his interpretation and use of the Recidivist Act in entering Plaintiff's criminal sentence, his suit is barred by the doctrine of judicial immunity. In *Pierson v. Ray*, 386 U.S. 547 (1967), the United

States Supreme Court applied the doctrine of judicial immunity to affirm the determination that

the trial judge could not be held liable under § 1983 for an allegedly improper conviction and

sentence. The Court described the rationale for the judicial-immunity doctrine as follows:

> Few doctrines were more solidly established at common law than the immunity of
> judges from liability for damages for acts committed within their judicial
> jurisdiction . . . . This immunity applies even when the judge is accused of acting
> maliciously and corruptly, and it "is not for the protection or benefit of a
> malicious or corrupt judge, but for the benefit of the public, whose interest it is
> that the judges should be at liberty to exercise their functions with independence
> and without fear of consequences" . . . . It is a judge's duty to decide all cases
> within his jurisdiction that are brought before him, including controversial cases
> that arouse the most intense feelings in the litigants. His errors may be corrected
> on appeal, but he should not have to fear that unsatisfied litigants may hound him
> with litigation charging malice or corruption. Imposing such a burden on judges
> would contribute not to principled and fearless decisionmaking but to
> intimidation.

*Pierson*, 386 U.S. at 553-54 (citations omitted). The doctrine of absolute immunity for acts taken

by a judge in connection with his or her judicial authority and responsibility is well established

and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from

civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all

jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune

from liability for his judicial acts even if his exercise of authority is flawed by the commission of

grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by

South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th

Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages

arising out of his judicial actions."). Judicial sentencing decisions are covered by judicial

immunity. *See, e.g.*, *Loftis v. Cnty. of Horry, S.C.*, 948 F.2d 1281 (4th Cir. 1991) (Table);

*Damron v. O'Hanlon*, No. 3:10–CV–00698, 2010 WL 4823075 (S.D.W. Va. Oct. 12, 2010);

*Cannon v. State Workers*, No. 2:08-3447-HMH-RSC, 2008 WL 4960234 (D.S.C. Nov. 20, 2008); *Williams v. Maddox*, No. 6:07-3986-HFF-WMC, 2008 WL 220206 (D.S.C. Jan. 25, 2008).

Furthermore, to the extent that Plaintiff's Complaint seeks injunctive relief against Judge Barber, such claim is barred by 42 U.S.C. § 1983, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . .*

*Id.* (emphasis added). The case at bar does not involve a declaratory decree, and Plaintiff has not alleged declaratory relief is unavailable. Accordingly, any claim for injunctive relief against this judicial officer is statutorily barred.

Finally, even if the damages and injunctive-relief requests were not barred by prosecutorial or judicial immunity, the entire Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff's Florence County criminal conviction and sentence have not been invalidated. With respect to actions filed pursuant to 42 U.S.C. § 1983 alleging constitutional violations and/or other improprieties in connection with state criminal convictions and/or sentences, the Court stated:

> We hold that, in order to recover damages [or other relief][2] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. This court has applied *Heck* to dismiss complaints when, as here, a plaintiff complains of excessive or illegal sentences. *See, e.g.*, *Culpepper v. Wilson*, No. 9:09–2328–TLW–BM, 2010 WL 1541764 (D.S.C. Feb. 24, 2010) (claim of invalid revocation of community supervision and required service of remainder of original sentence dismissed under *Heck*); *Thomas v. South Carolina*, No. 08-3039, 2009 WL 210917, at * 3 (D.S.C. Jan. 27, 2009) (same; allegedly illegal sentence); *James v. Nettles*, No. 08-2413, 2008 WL 4450242 at *3 (D.S.C. Sept. 29, 2008) (same). Moreover, it is well settled that federal courts may not order that a prisoner be released or that his sentence be shortened as relief in a § 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 82, 86 (2005).

Review of this court's docket discloses that Plaintiff unsuccessfully pursued an initial § 2254 habeas petition in this court. *Washington v. Rushton*, Civil Action No. 0:05-2394-GRA.

---

[2]*See Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also*

The docket also discloses that Plaintiff attempted to file a second § 2254 habeas petition in this court in 2011, but that it was dismissed as being successive and unauthorized. *Washington v. Cartledge*, Civil Action No. 9:11-148-JFA. Plaintiff did not raise the unconstitutional sentence allegations he seeks to raise in this case in either of his prior habeas corpus petitions. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"). It is noted that Plaintiff was previously informed of the applicability of *Heck v. Humphrey* to § 1983 claims challenging the constitutionality of his confinement in the Report and Recommendation issued in the first civil action that he filed in this court in 1999. *Washington v. City of Lake City*, Civil Action No. 4:99-1836-MJP (ECF No. 3 at 2-3). Because Plaintiff has not been successful in having his 1998 Florence County conviction or sentence set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations, if true, would necessarily invalidate his sentence, he cannot obtain any form of relief from any of the Defendants based on their involvement in his prosecution and ultimate conviction and sentence. Also, in light of Plaintiff's prior knowledge of the *Heck* decision and way it is applied to constitutional challenges to detention, this case is frivolous and subject to summary dismissal as to all Defendants without issuance of process.

IV.    Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *with prejudice* as frivolous. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district

---

*Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought).

courts should review prisoner cases to determine whether they are subject to summary dismissal).

It is further recommended that this case be deemed a strike for purposes of the three-strikes rule because of its frivolity and failure to state a plausible claim against immune Defendants. 28 U.S.C. § 1915(g); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009); *see Blakely v. Wards*, No. 11-6945, 2013 WL 5718441 (4th Cir. Oct. 22, 2013).

IT IS SO RECOMMENDED.

October 7, 2014                                                    Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).