

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIAM WASHINGTON,<br>          Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 4:14-2787-MGL-KDW<br>§ |
| ED CLEMMENTS, III, Solicitor;<br>ROBERT N. WELLS, Asst. Sol.;<br>JAMES R. BARBER, Judge,<br>          Defendants. | §<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's action be dismissed with prejudice. The Magistrate Judge also recommends that this case be deemed a strike for purposes of the three-strikes rule. *See* 28 U.S.C. § 1915(g). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 7, 2014, and the Clerk of Court entered Plaintiff's objections on October 16, 2014.  The Court has considered the objections, but finds them to be without merit.  Therefore, it will enter judgment accordingly.

Plaintiff is a state inmate currently incarcerated at the McCormick Correctional Institution of the South Carolina Department of Corrections.  He is serving a life sentence, which was imposed in Florence County.  According to Plaintiff, Defendants Clemments and Wells "relied unconstitutionally upon prior crimes that occur[r]ed before [the] Recidivist Act [S.C. Code Ann. § 17-25-45] . . . became effective [on] June 3, 1986." Complaint 4.  Plaintiff also contends that Defendant Barber unconstitutionally sentenced him under the Recidivist Act and further maintains that "Defendants actions against [Plaintiff] [amounted to] deliberate and intentional discrimination." Amended Complaint 2.  Plaintiff seeks $850,000 in damages, Complaint 5, as well as injunctive relief, Amended Complaint 1.

First, the Magistrate Judge suggests that Plaintiff's claims against Defendants Clemments and Wells, the prosecuting attorneys in the state's action against Plaintiff, be dismissed inasmuch as Plaintiff's "Complaint is barred by the well-established legal doctrine of prosecutorial immunity." Report 3.  The Court agrees.  The Fourth Circuit has long held that "a prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'"  *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  "In other words, absolute immunity is afforded prosecutors

2

when acting 'within the advocate's role.'" *Id*. (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993)). Therefore, Plaintiff's claims against Defendants Clemments and Wells will be dismissed.

Second, the Magistrate Judge recommends that any claim for money damages against Defendant Barber be dismissed on the basis that Plaintiff's "suit is barred by the doctrine of judicial immunity." Report 4. The Magistrate Judge is correct. "It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Therefore, dismissal of any claim for money damages that Plaintiff brings here against Defendant Barber is indeed proper. And, "to the extent that Plaintiff's Complaint seeks injunctive relief against [Defendant] Barber, such claim is barred by 42 U.S.C. § 1983." Report 6.

Third, the Magistrate Judge opines that, "even if the damages and injunctive-relief requests were not barred by prosecutorial or judicial immunity, the entire Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff's Florence County criminal conviction and sentence have not been invalidated." Report 6. Having reviewed the record, the Court reaches the same conclusion.

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Here, there is no suggestion in the record before the Court that Plaintiff's conviction or sentence has been invalidated. And, a ruling in favor of Plaintiff here would imply the invalidity of Plaintiff's conviction or sentence. Therefore, dismissal of the action on this ground alone would be appropriate.

3

Plaintiff's objections are a hodgepodge of Plaintiff's retelling of the procedural history of the case, several recitations of statutes and legislative histories, case citations, and meritless–mostly conclusory–objections. Consequently, inasmuch as Plaintiff failed to file any meritorious objections to the Report, the Court will overrule them.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein.  Therefore, it is the judgment of this Court that Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**.  The Court will not impose a strike under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

Signed this 29th day of October, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.